IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AGGEE VEILLARD, A#72 386 322        *
                Petitioner,
    v.                                                      *   CIVIL ACTION NO. WMN-05-1647

IMMIGRATION AND                                *
  NATURALIZATION SERVICES
                Respondent.         *
                            ******

**MEMORANDUM**

Petitioner is a detainee in Department of Homeland Security ("DHS"), Bureau of Customs Enforcement ("ICE") custody at the Wicomico County Detention Center in Salisbury, Maryland. On June 16, 2005, he filed an application with the Court seeking to stay his order of removal on the basis of a due process challenge to his January 16, 1996 immigration hearing. Paper No. 1. Petitioner claims that his case was heard in absentia in the Immigration Court in Baltimore, Maryland, but he was not informed of the hearing or made aware of the disposition until April 27, 2005, when he was taken into immigration custody. *Id*.

The application was instituted as a 28 U.S.C. § 2241 Petition for habeas corpus relief. As Petitioner raises a constitutional challenge to his order of removal, this Court would typically require the Respondent to file an answer.[1] On May 11, 2005, however, President Bush signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). Included within this far-reaching legislation is the Real ID Act

---

[1] The Clerk shall amend the docket to substitute the name of Attorney General Alberto R. Gonzales as the party Respondent.

of 2005, Pub. L. No. 109-13, Div. B, § 106(a), 119 Stat. 231 (2005) ("RIDA").  Section 106(a)(1)(B) of RIDA substantially modifies the route aliens must take to seek judicial of an order of removal.

Section 106(a)(1)(B)(5) states that:

> [N]otwithstanding....section 2241 of title 28, United States Code, or any other habeas corpus provision,....a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issues under any provision of this Act....For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and "jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651....

This provision undoubtedly divests this Court of jurisdiction to review this Petition.  Given the circumstances, however, the undersigned shall not dismiss the cause of action, but shall treat the Petition as one for review improperly filed in this court, transfer it to the United States Court of Appeals for the Fourth Circuit, and administratively close the matter.[2]

A separate Order  follows.

/s/
_____
William M. Nickerson
Senior United States District Judge

Date: June 21, 2005

---

[2]     On June 16, 2005, District Counsel for ICE informed this Court that Petitioner's removal is not imminent.  Therefore, a stay of removal shall not issue.